UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WAYNE HARRISON,<br><br>Defendant. | Case No. 95-cr-00319-SI-11<br><br>**ORDER GRANTING DEFENDANT WAYNE HARRISON'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Re: Dkt. No. 2043 |

Defendant Wayne Harrison has filed a *pro se* motion requesting to terminate the remaining term of his supervised release. Mr. Harrison's motion states that he was released from prison after serving more than 17 years of a 25 year sentence. He was initially released to a halfway house in Florida, and currently lives with his parents. As of the filing date of his motion (June 16, 2022), he had completed 35 months, or 59%, of a 60-month term of supervision. Mr. Harrison states that during the entire time he was in prison and on supervised release, he has not committed any disciplinary infractions or violations of his supervisory conditions. He is 58 years old and a cancer survivor, and he states that he is a different man than he was in his early 30s when he was arrested in this case. Mr. Harrison also expresses remorse for his actions and the death of Mr. Estes. Mr. Harrison is seeking to terminate the remainder of his supervised release because he wishes to move to Southern California.

The government has filed a response stating that counsel has spoken to Mr. Harrison's supervising probation officer located in the Northern District of Florida, and the local probation officer here in the Northern District of California, and "respectfully defers to the United States Probation Office in resolving defendant Harrison's motion for early termination of his supervised release term." Dkt. No. 2049 at 1. The Probation Office in this District does not oppose granting

Mr. Harrison's motion. Dkt. No. 2050.

18 U.S.C. 3583(e)(1) provides that a court may, under factors set forth in 18 U.S.C. § 3553(a) "terminate a term of supervised release … at any time after the expiration of one year of supervised release … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e) (1). When determining whether the defendant's conduct and the interest of justice warrant early termination of supervised release, the court "enjoys discretion to consider a wide range of circumstances." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). The burden is on the defendant, as the party receiving the benefit of early termination, to demonstrate that early termination is warranted. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

The Court concludes that early termination of supervised release is appropriate. The Court is persuaded that Mr. Harrison no longer poses a risk to society and is not at risk of recidivism. The Court commends Mr. Harrison for his good behavior while in prison and on supervised release, as well as his commitment to being a better person and a productive member of society. The Court also finds it significant that neither Probation nor the government oppose the motion. Accordingly, the Court GRANTS Mr. Harrison's motion for early termination of supervised release.

**IT IS SO ORDERED**.

Dated: August 1, 2022

SUSAN ILLSTON
United States District Judge